UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **JOHN DOE,** | ) | CASE NO. 1:20-cv-00199-SA-DAS |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OF LAW IN SUPPORT** |
| | ) | **OF MOTION FOR EXPEDITED** |
| **MISSISSIPPI STATE UNIVERSITY**, *et al.*, | ) | **DISCOVERY** |
| **Defendants.** | ) | |

Pursuant to Fed. R. Civ. P. 26(d), 33(b)(2) and 34(b)(2)(A), Plaintiff John Doe ("John"), by and through counsel, respectfully moves this Court for limited expedited discovery in this matter so that the parties may prepare for the hearing regarding John's Motion for Preliminary Injunction ("Motion for PI").

John filed his Complaint and Motion for PI concurrently with this Motion on September 30, 2020. In preparation for the hearing on his Motion for PI, John requires access to certain information that is known to be in Defendants' possession, custody and control, including but not limited to information about Mississippi State University's ("MSU") investigation into the allegation of sexual misconduct against him, and its handling of allegations of sexual misconduct generally.

While formal discovery is ordinarily stayed until the parties' conference pursuant to Civil Rule 26(f), the Federal Rules of Civil Procedure authorize this Court to expedite all forms of discovery. For example, Rule 26(d) contemplates that the Court may order discovery to proceed prior to the parties' Rule 26(f) meeting. Civil Rules 33(b)(2) and 34(b)(2)(A) permit the Court to shorten the time in which a party must respond to discovery requests.

"[S]ome courts have found that expedited discovery is appropriate in limited circumstances and for limited rationales, such as when a plaintiff seeks injunctive relief because

of the expedited nature of injunctive proceedings." *Amos v. Taylor*, 2020 U.S. Dist. LEXIS 22518 at *5 (N.D. Miss. Feb. 10, 2020), citing *Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1057 (D. Minn. 2019). "The purpose of expedited discovery in the context of a temporary restraining order or preliminary injunction is for further development of the record before the preliminary injunction hearing, which better enables the court to judge the parties' interests and respective chances for success on the merits." *Amos* at *5-6; *Dalpe* at 1057-58.

The majority of courts in the Fifth Circuit have adopted the "good cause" standard for determining whether expedited discovery is warranted. *Alamo Area Mut. Hous. Ass'n v. Lazenby*, 2017 U.S. Dist. LEXIS 216835 at *10 (W.D. Tex. July 19, 2017). Under this standard, courts consider: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request is made. *Id.* at 11. The moving party bears the burden of showing good cause and the subject matter of the expedited discovery requests should be narrowly tailored in scope. *Id.*, citing *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011).

Expedited discovery is appropriate and warranted under these circumstances and John can satisfy the Fifth Circuit's good cause standard. First, a request for injunctive relief is pending before this Court. Second, the discovery requests are narrowly tailored to MSU's handling of the investigation into John and other recent alleged Title IX violations against male students. Third, John seeks the expedited discovery so as to be fully prepared for the request hearing on his Motion for PI and so that this Court may have all necessary information to adjudge the parties'

interests and John's chances for success on the merits. Fourth, the burden on MSU is slight, given that the requests are narrowly tailored and all information sought is well within its possession, custody, or control. Finally, while John's request is in advance of the typical discovery process, it is necessary given the expedited nature of injunctive proceedings.

Good cause exists for such expedited discovery and John respectfully requests an order permitting him to serve a First Set of Interrogatories and Request for Production of Documents, with a shortened response time of fourteen (14) days. A copy of the proposed Discovery Requests is attached as **Exhibit A** to the Motion, and a proposed order granting the relief requested is attached to the Motion as **Exhibit B**. As can be seen by the attached discovery, John Doe has propounded only half the interrogatories allowed by the federal rules.

Respectfully Submitted,

*/s/S. Ray Hill, III*
S. Ray Hill, III (MSB #100088)
Clayton O'Donnell, PLLC
1403 Van Buren Ave., Suite 103
P.O. Box 676
Oxford, MS 38655
P: (662) 234-0900
F: (662) 234-3557
E: rhill@claytonodonnell.com


Susan C. Stone*
Kristina W. Supler*
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com; kws@kjk.com

*\* Motion to Admit Pro Hac Vice pending*
*Counsel for Plaintiff John Doe*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Motion for Expedited Discovery has been filed electronically on this 30th day of September, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties not receiving service through the Court's electronic filing system will be served by regular U.S. mail. Parties may access this filing through the Court's system.

*/s/ s. Ray Hill, III*